AO 472 (Rev. 05/05) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA
V.
OSAMA SAID
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 08-20106

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☒ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☒ clear and convincing evidence ☐ a preponderance of the evidence that

This is a presumption case. Defendant is indicted in a five count indictment and is charged with conspiracy to possess with intent to distribute controlled substances, conspiracy to import controlled substances into the United States, importation of controlled substances, aiding and abetting, and attempt to possess with intent to distribute controlled substances,13,000 ecstacy tablets. Defendant is 33 years of age, and since 2000 has been a resident of Canada. He is according to himself, a citizen of no country. He was born in Kuwait, lived in Palestine until 2000, and has lived in Canada since then. He has no ties whatsoever to the United States.   (CONTINUE ON PAGE TWO)

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| July 28, 2010 | s/ Mona K. Majzoub |
|---|---|
| Date | *Signature of Judge* |
| | MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE |
| | *Name and Title of Judge* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Defendant lived in Windsor with his girlfriend and her mother until he was placed into Canadian custody almost two years ago. He appeared before the Court on an extradition warrant from the Canadian facility where he has been incarcerated.

Defendant has family, all of whom live in Canada and Palestine. His brother appeared in the courtroom and confirmed much of his personal information. In addition to his brother, defendant's parents recently immigrated to Canada from Palestine, and defendant has other siblings who now reside in Canada. Defendant stated that if given a bond, he would return to Canada as he has no ties to this district of any kind.

Defendant has had prior contacts with law enforcement. In 1996 he was arrested in the Western District of Texas for Impersonating Citizen of the United States, Fraud and Misuse of Visas/Permits; Forgery or False Use of Passport to which he pled guilty and was sentenced to four months custody and on year of supervised release.

On January 29, 2007 Defendant was arrested in Canada on charges of Possession of Schedule II Substance for the Purpose of Trafficking, Possession of a Schedule I Substance for the Purpose of Trafficking, Possession of Schedule III Substance for the Purpose of Trafficking, False Pretenses, Theft under $5000, Use of Credit Card, Possession of Credit Card. It appears that he violated his conditions of probation and was incarcerated as a result for the two year period preceding his appearance here today.

Additionally, the Windsor report obtained lists additional criminal history, indicating from 2000 - 2007 the Defendant was charged with Fraud by Credit Card, Traffic Offenses, and Fraud by Other Means.

Because Defendant has no ties to this district, or to the entire United States, and because he has a long history of fraudulent conduct, criminal drug conduct, and appears to have violated his conditions of supervised release in Canada, leading to his two year period of recent incarceration, this Court has no confidence that if released on a bond to Canada that he could ever be trusted, unsupervised, to return to this district for his court appearances. Furthermore the allegations regarding his drug trafficking in the instant case involve a large quantity of drugs, specifically more than 13,000 ecstacy pills. Defendant poses a risk of flight and non-appearance. Defendant has failed to rebut the presumption detention. There are no conditions or combination of conditions of bond that would assure Defendant's appearance in court, as he is a resident of Canada (not a citizen) and has no ties of any kind to this country. Detention is Ordered.